No. 60,577

In the Matter of M. RALPH BAEHR, *Respondent.*

(744 P.2d 799)

Opinion filed October 30, 1987.

*Stanton A. Hazlett,* Deputy Disciplinary Administrator, appeared on behalf of petitioner.

There was no appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the disciplinary administrator against M. Ralph Baehr, of Wichita, an attorney admitted to the practice of law in Kansas. The facts are not disputed.

Respondent was retained by Royal Insurance Company to defend its insured, Independence Plaza, Inc., in an action seeking damages for injuries a plaintiff sustained in a fall upon property of the insured. T.G. & Y. Stores Company, a tenant upon the property, was also a named defendant and was represented by other counsel. In May 1984, the defendants negotiated a tentative agreement for settlement with the plaintiff. Each defendant was to contribute $7,000.00 toward the purchase of an annuity as part of a structured settlement. Respondent, who was the prime proponent of the settlement, was designated to complete the necessary details including the purchase of an annuity which would pay plaintiff the sum of $175.00 per month beginning in July 1984. The annuity was not forthcoming and plaintiff sought a hearing on the proposed settlement. Following a hearing, the trial court approved the proposed settlement and entered judgment in accordance with the agreement. After considerable inquiry, respondent, in December 1984, advised counsel for the plaintiff and T.G. & Y. that he had purchased the annuity. In January 1985, respondent again advised that the annuity had in fact been obtained. These representations were false. In February 1985 respondent advised that the annuity contract and a check for $1,225.00 representing payments due through January 1985 were in the mail. They were not. Royal Insurance Company, following receipt of a garnishment summons, retained

other counsel. The matter was then promptly concluded by new counsel, who obtained the annuity without difficulty.

Royal Insurance Company had never been advised of the settlement terms and had had no contact with respondent since August 1, 1984. Respondent never advised his client of the settlement or the judgment entered thereon. Respondent would not accept telephone calls from representatives of his client and would not reply to their correspondence.

Following the filing of the complaint against respondent, he failed to cooperate with the representatives of the disciplinary administrator's office although he did appear before the panel of the Board for Discipline of Attorneys when directed to do so. At that hearing, respondent did not deny the factual allegations of the complaint which have been greatly summarized herein.

The panel found that there was clear and convincing evidence that the respondent had neglected a legal matter entrusted to him in violation of DR 6-101(A)(3) (235 Kan. cxlvii), and recommended discipline by public censure. A copy of the panel report was served upon the respondent, who took no exceptions to the report. Respondent was directed to appear before the Supreme Court pursuant to Supreme Court Rule 212(d) (235 Kan. cxxx) but failed to do so.

After carefully reviewing the record in this action, a majority of the members of the Court are of the opinion that respondent should be indefinitely suspended from the practice of law in Kansas. Respondent's actions demonstrate a total disregard of his duties to his client and the courts, and the record contains clear evidence that respondent misrepresented the existing facts to counsel for the codefendant and the plaintiff.

IT IS THEREFORE ORDERED that M. Ralph Baehr be and he is hereby indefinitely suspended from the practice of law in the State of Kansas.

IT IS FURTHER ORDERED that the costs herein be assessed to the respondent.

IT IS FURTHER ORDERED that the respondent shall forthwith comply with Supreme Court Rule 218 (235 Kan. cxxxii) and that this order shall be published in the official Kansas Reports.

Effective the 30th day of October, 1987.